**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| SATISH DAT BEAST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:26-cv-00152-SNLJ |
| | ) | |
| SABRINA CARPENTER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Self-represented Plaintiff Ronald Satish Emrit—also known as Satish Dat Beast, Go Go Satish, and Presidential Candidate Number P60005535—brings this civil action against four defendants, seeking $500 billion dollars in damages. [Doc. 1]. A few weeks after initiating the case in this Court—and before the Court had taken any action or made any ruling—Plaintiff filed a notice of appeal with the Eighth Circuit Court of Appeals. [Doc. 3]. On July 16, 2026, this Court granted Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] and warned him that the Court would review his pleadings under 28 U.S.C. § 1915, if needed, after the Eighth Circuit ruled his appeal. [Doc. 7]. On September 21, 2026, the Eighth Circuit issued its mandate on its judgment dismissing the appeal for a lack of jurisdiction. [Docs. 8-9]. As such, this action is now ripe for review under § 1915. Based on such review, the Court will dismiss this action for lack of proper venue. *See* 28 U.S.C. §§ 1391(b), 1406(a).

**Plaintiff's Background**

Plaintiff Emrit is an extremely prolific litigant with a history of filing frivolous *in forma pauperis* lawsuits. *See Emrit v. Combs*, No. 24-CV-0129, 2024 WL 199548, at *1 n.1 (E.D. Pa. Jan. 18, 2024) (documenting Emrit's history of filing frivolous cases). A recent search of his name in the Public Access to Court Electronic Records (PACER) database indicates that he has

filed over 760 cases in federal courts across the country. *See* PACER case locator, https://pcl.uscourts.gov/pcl/pages/search/results/parties.jsf?sid=99b1f5e36a8243d9bad81bc9f2dfcfe2 (last visited Sept. 21, 2026). Several federal courts have imposed filing restrictions on Emrit based on his pattern of abusive litigation. *See Emrit v. Jules*, No. 4:23-cv-00908-MTS, 2023 WL 4706005, at *2 (E.D. Mo. July 24, 2023) (discussing restrictions issued by District Courts in the Southern District of Florida, Middle District of Florida, Southern District of Ohio, District of Minnesota, and District of Nevada).

Additionally, Emrit "has an apparent penchant for filing the same case simultaneously in multiple districts." *Emrit v. Musk*, No. CV-25-08-BLG-SPW-TJC, 2025 WL 1057060, at *1 (D. Mont. Mar. 20, 2025) (citations omitted). For example, Emrit filed duplicative complaints against the same defendants in at least thirty federal courts across the country. *Id.* The Court takes judicial notice of these other cases.[1]

Emrit also has a history of filing lawsuits in venues that have no connection to the parties or claims. Prior to filing this case, at least five cases filed by Emrit in this district were dismissed for improper venue. *See Presidential Candidate No. P60005535 v. Burnett*, No. 1:25-cv-00191-ACL, Doc. 13 (E.D. Mo. Apr. 2, 2026); *Emrit v. Musk*, No. 1:25-cv-00008-SNLJ, Doc. 4 (E.D. Mo. Aug. 28, 2025); *Emrit v. The Grammy Awards on CBS*, No. 1:24-cv-00003-SNLJ, Doc. 3 (E.D. Mo. Jan. 16, 2024); *Emrit v. Jules*, No. 4:23-cv-00908- MTS, Doc. 3 (E.D. Mo. July 24, 2023); *Emrit v. United States Dep't of Educ.*, No. 1:20-cv-00035-JAR, Doc. 3 (E.D. Mo. Feb. 20, 2020).

---

[1] A federal district court may take judicial notice of public records and judicial opinions. *See Zerger & Mauer LLP v. City of Greenwood*, 751 F.3d 928, 935 n.7 (8th Cir. 2014) (explaining that "federal courts may sua sponte take judicial notice of proceedings in other courts if they relate directly to the matters at issue").

**The Instant Complaint**

Self-represented Plaintiff brings allegations of defamation, public nuisance, industrial espionage, and tortious interference with business relations/contracts against two music recording artists, a recording company, and a Supreme Court Justice. [Doc. 1]. Plaintiff seeks $500 billion dollars in money damages and a preliminary injunction prohibiting Defendants "from advertising to the plaintiff on Cable TV broadcasts." [*Id.* at 9].

Plaintiff describes himself as "an indigent, disabled, and unemployed resident of the state[s] of Nevada and Maryland" and he provides a current mailing address in Maryland. [*Id.* at 5]. On the other hand, Plaintiff also states that he "lives in Sarasota, Florida and no longer in Fort Worth, Texas." [*Id.* at 5-6]. In the Section of the Complaint labeled "Jurisdiction and Venue," Plaintiff asserts that "the U.S. District Court for the District of New Jersey … has jurisdiction over this matter" and that "the U.S. District Court for the District of Connecticut also has subject matter jurisdiction." [*Id.*]

The Complaint consists largely of irrelevant and incoherent allegations. [*Id.* at 2-7.] As to his four legal counts, Plaintiff alleges that "the Grammys and its recording artists like Sabrina Carpenter and Lady Gaga are committing defamation (libel and slander) and/or the dignitary tort of the invasion of privacy by talking about President Donald John trump [sic] in a negative manner." [*Id.* at 7]. Furthermore, Plaintiff claims that "the Grammys have become a public nuisance to everybody in the worl [sic] who understands that neither Los Angeles nor network TV (CBS) has any influence over a new music business." [*Id.*] In addition, Plaintiff asserts that "the Grammy Awards and network TV (ABC, CBS, NBC, Fox) are committing industrial espionage by trying to compete with a new music business with their outdated shows … which have a circus-like atmosphere and from which nobody ever becomes a star." [*Id.*] Finally, Plaintiff contends that "larger companies like NFL and Toyota try to interfere with smaller

companies like Ditto Music by trying to monopolize Amazon, Apple, and YouTube … to drive smaller companies like independent musicians out of the market so that it would benefit major record labels." [*Id.* at 8]. Plaintiff makes no specific factual allegations against defendant Justice Ketanji Brown-Jackson.

**Discussion**

The Court has reviewed the Complaint and finds that there is no basis for venue in the Eastern District of Missouri. Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the Court's personal jurisdiction.

Plaintiff has alleged no basis for venue being proper in this Court. Plaintiff does not assert that any defendant resides in the Eastern District of Missouri, that any event or omission giving rise to his claim occurred here, or that any property at issue is located here. Furthermore, he makes no attempt to establish that any defendant is subject to personal jurisdiction in this Court. None of the requirements of § 1391 are present in this case. Instead, Plaintiff alleges that the District Court in New Jersey and/or Connecticut has jurisdiction and is the proper venue. [Doc. 1 at 5-6]. This is not New Jersey or Connecticut.

When a case is filed in the wrong venue, the district court in which the case is filed "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Transferring this case is not in the interest of justice because multiple district courts have dismissed duplicative complaints. *See Emrit v. Carpenter*, No. 4:26-cv-600-BSM (C.D. Ark.) (dismissed June 17, 2026 for lack of standing);

*Beast v. Carpenter*, No. 1:26-cv-00146-SPB (W.D. Pa.) (dismissed June 18, 2026 for lack of jurisdiction); *Emrit v. Carpenter*, No. 4:26-cv-00362-SHE-MTS (N.D. Okla.) (dismissed June 23, 2026 for improper venue and frivolity); *Emrit v. Carpenter*, No. 4:26-cv-00248-SMR-HCA (C.D. Ia.) (dismissed June 23, 2026 for frivolity).

For the reasons stated, the Court concludes that dismissing this case is the proper remedy under § 1406(a).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED with prejudice** for improper venue. *See* 28 U.S.C. §§ 1391, 1406(a).

**IT IS HEREBY CERTIFIED** that an appeal would not be taken in good faith.

An Order of Dismissal shall be filed with this Memorandum and Order.

Dated this 21st day of September, 2026.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE